UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROB COLBERT,

        Plaintiff,

v.

ANDREW SAUL, COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Case No. 18-cv-13211

Paul D. Borman
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## OPINION AND ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 17); (2) ADOPTING THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE PATRICIA T. MORRIS (ECF NO. 16); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 10); (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 15); and (5) AFFIRMING THE FINDINGS OF THE COMMISSIONER

On August 27, 2019, Magistrate Judge Patricia T. Morris issued a Report and Recommendation (R&R) addressing the cross-motions for summary judgment in this action. (ECF No. 16, R&R.) In the R&R, Magistrate Judge Morris recommended that the Court deny Plaintiff's February 18, 2019 Motion for Summary Judgment (ECF No. 10), grant Defendant's May 16, 2019 Motion for Summary Judgment (ECF No. 15), and affirm the findings of the Commissioner.

Now before the Court are Plaintiff's Objections to the R&R. (ECF No. 17, Objections.) Defendant filed a timely Response. (ECF No. 18, Response.) Having

conducted a *de novo* review of the parts of the Magistrate Judge's R&R to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will reject Plaintiff's Objections, adopt the Magistrate Judge's R&R, and affirm the findings of the Commissioner.

## I. BACKGROUND

The Court has reviewed the Magistrate Judge's extensive summary of the background of this case in light of the record and finds that it is accurate. (ECF No. 16, R&R, PgID 937–38, 941–61.) In addition, plaintiff has not specifically objected to the background section of the R&R. Therefore, the Court adopts the background section in full. (*Id.*)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's R&R to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report

that the district court must specially consider." *Id.* (internal quotation marks omitted). A general objection, or one that merely restates arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court's review of the findings of the Administrative Law Judge (ALJ) is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). It is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.' " *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc.*

*Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the Social Security Administration (SSA) supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546–47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247; *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility' ") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

### III.    ANALYSIS

Plaintiff has submitted two objections to Magistrate Judge Morris's R&R. First, he argues that the ALJ's decision was not supported by substantial evidence. (ECF No. 17, Objections, PgID 995–98.) Second, he argues that the Magistrate erred

4

in upholding the ALJ's residual functional capacity (RFC) determination that Mr. Colbert could perform light work despite needing a cane for ambulation. (*Id.* at PgID. 998–99.) Both of these objections fail to pinpoint a "specific deficiency" in the R&R and will be rejected. *Cf. Schmidt v. Comm'r of Soc. Sec.*, No. 14-13885, 2016 WL 491711, at *2 (E.D. Mich. Feb. 2, 2016) ("Defendants objections advance the same arguments that [the Magistrate Judge] has already rejected without pointing to a specific deficiency in the Magistrate Judge's reasoning.").

Both objections are "essentially reiterations" of arguments that Mr. Colbert presented to Magistrate Judge Morris in his summary judgment brief. (*Compare* ECF No. 17, Objections, PgID 996–99 *with* ECF No. 10, Plaintiff's Motion for Summary Judgment, PgID 859–60, 864–66.) In fact, Mr. Colbert re-uses entire passages from his summary judgment brief in his objections to the Magistrate Judge's report. (*See* ECF No. 17, Objections, PgID 997–98, 998–99; ECF No. 10, Plaintiff's Motion for Summary Judgment, PgID 864, 865, 866.) This approach to raising objections is "not appropriate or sufficient." *Pastorino v. Comm'r of Soc. Sec.*, No. 15-10918, 2016 WL 787132, at 1 (E.D. Mich. Feb. 29, 2016). The party objecting to an R&R has a duty to "pinpoint" the specific portions of the report that he or she believes was wrongly decided. *Mira*, 806 F.2d at 637. When the objecting party presents the same arguments to the magistrate and then to the district court,

without identifying a specific error committed by the magistrate when he or she rejected those arguments, the objecting party forces "the magistrate and the district court [to] perform identical tasks" which is duplicative, wasteful, and "runs contrary to the purposes of the Magistrates Act." *Howard*, 932 F.2d at 509.

This case is illustrative. Mr. Colbert argued to Magistrate Judge Morris that the ALJ erred when she determined that Mr. Colbert could perform light work with a sit/stand option every 30-45 minutes when Mr. Colbert had testified that he experiences pain after sitting or standing for 10-20 and needs to move around to alleviate that pain. (ECF No. 10, Plaintiff's Motion for Summary Judgment, PgID 864.) He said that this was an error because the ALJ did not cite a medical expert's testimony to support her determination that Mr. Colbert could sit or stand longer than he testified that he could. (*Id.*) Magistrate Judge Morris rejected Mr. Colbert's argument on this point, saying "Plaintiff fails to offer objective evidence that a more severe restriction is needed" and that "the ALJ's assessment of Plaintiff's subjective complaints was appropriate." (ECF No. 16, R&R, PgID 977.) Now, instead of identifying a specific error in Magistrate Judge Morris's reasoning, Mr. Colbert objects by using the exact the same language to make the exact same argument. (ECF No. 17, Objections, PgID 997–98.)

Mr. Colbert's second objection also repeats an argument considered and rejected by Magistrate Judge Morris. (*Compare* ECF No. 16, R&R, PgID 983–89 (rejecting argument that RFC determination of light work was inconsistent with Mr. Colbert's cane use) *with* ECF No. 17, Objections, PgID 998–99 (arguing that "it would be impossible for Plaintiff to perform light work" given his reliance on a cane).) By parroting his earlier arguments in his objections, Mr. Colbert is asking this Court to perform the same task completed by Magistrate Judge Morris. *Cf. Howard*, 932 F.2d at 509. That, the Court will not do. Instead, the Court will adopt Magistrate Judge Morris's resolution of Mr. Colbert's claims that the ALJ erred in determining that he required a sit/stand option every 30-45 minutes instead of every 10-20 minutes and that he could perform light work despite his reliance on a cane.

Mr. Colbert's first objection encompasses more than the sit/stand option and therefore must be addressed separately. It reads like a general objection to the entire R&R—"The Magistrate erred when she found that the ALJ's decision was supported by substantial evidence (R&R 26-53)." (ECF No. 17, Objections, PgID 995.) Further, the portion of the R&R that Mr. Colbert cites in this objection is the entire "Law and Analysis" section except for one portion of the opening paragraph. (*See* ECF No. 16, R&R, PgID 961–89.) Because this Court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and

7

made pursuant to proper legal standards, *See Rogers*, 486 F.3d at 241, objecting to the Magistrate Judge's determination that the ALJ's decision was supported by substantial evidence is really just objecting to the entire R&R.

Blanket objections to an R&R do not warrant *de novo* review. *See Mira*, 806 F.2d at 637 (finding that the District Court did not err in failing to grant *de novo* review to an objection "to each and every finding of the Magistrate"). Blanket objections, like redundant objections, run contrary to the purposes of the Magistrates Act because they fail to promote efficiency by pinpointing a specific error for the district court to review. *Cf. Howard*, 932 F.2d at 509. Mr. Colbert's objection to Magistrate Judge Morris's conclusion that substantial evidence supported the ALJ's decision is essentially an attempt to prompt *de novo* review of the entire R&R. It is therefore an improper general objection and the Court rejects it.

To the extent that Mr. Colbert's arguments in support of his first objection can be read as specific objections, those too, are without merit. (*See* ECF No. 17, Objections, PgID 995–98.) Mr. Colbert cites *Bowen* for the proposition that an ALJ's decision will not be upheld when the SSA regulations were not followed in such a way that prejudices the claimant. (*Id.* at PgID 996.) He does not, however, cite to any SSA regulations or explain how any such regulation was not followed, and therefore fails to pinpoint any error committed by the Magistrate Judge.

8

Mr. Colbert also cites *Uforma/Shelby Business Forms v. N.L.R.B.*, 111 F.3d 1284, 1292–93 (6th Cir. 1997) where the Sixth Circuit required remand despite the existence of substantial evidence where the ALJ overlooked and misconstrued evidence on the record. (*Id.*) However, he does not explain how the ALJ or Magistrate Judge Morris ignored or misconstrued evidence on the record to reach their respective conclusions. (*See id.* at PgID 996–97.) Mr. Colbert seems to suggest that his testimony regarding his symptoms and his ability to sit or stand for uninterrupted periods of time was either misconstrued or improperly overlooked, but he does not engage with Magistrate Judge Morris's thorough resolution of that argument. (*Id.*) Again, Mr. Colbert fails to make a proper objection.

Finally, Mr. Colbert reiterates his argument that the ALJ erred in determining that he required a sit/stand option every 30-45 minutes instead of every 10-20 minutes. As explained above, this argument was considered and rejected by Magistrate Judge Morris and Mr. Colbert has not identified any error in her reasoning. This too, is not a proper objection.

Mr. Colbert has failed to raise any specific objections to Magistrate Judge Morris's R&R that warrant *de novo* review of the record. Therefore, the Court rejects all of Mr. Colbert's objections and adopts Magistrate Judge Morris's R&R. (ECF No. 16.)

## IV. CONCLUSION

For all of the reasons stated above, the Court hereby: (1) OVERRULES Plaintiff's Objections (ECF No. 17); (2) ADOPTS the Report and Recommendation of Magistrate Judge Morris (ECF No. 16); (3) DENIES Plaintiff's Motion for Summary Judgment (ECF No. 10); (4) GRANTS Defendant's Motion for Summary Judgment (ECF No. 15); and (5) AFFIRMS the findings of the Commissioner.

IT IS SO ORDERED.

Dated: November 14, 2019                         s/Paul D. Borman
                                                 Paul D. Borman
                                                 United States District Judge